IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH WAYNE WALKER,<br><br>        Plaintiff,<br><br>  v.<br><br>ALFRED C. BIGELOW et al.,<br><br>        Defendants. | **SECOND ORDER TO AMEND DEFICIENT AMENDED COMPLAINT; MEMORANDUM DECISION**<br><br>Case No. 2:10-CV-1155 CW<br><br>District Judge Clark Waddoups |

    Plaintiff, Joseph Wayne Walker, an inmate at Central Utah Correctional Facility, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2011). In an Order entered December 19, 2011, reviewing the Amended Complaint under § 1915A, the Court determined that Plaintiff's Amended Complaint is deficient as described below.

### Deficiencies in Amended Complaint

    Complaint:

(a)   possibly inappropriately alleges civil rights violations against certain defendants on a respondeat superior theory.

(b)   is not on a proper court-provided form.

(c)   does not identify an affirmative link between each of the named defendants and the violation of Plaintiff's civil rights.

(d)   has claims possibly underlying current confinement; however, the complaint was not submitted through contract attorneys.

Plaintiff responded with a "Motion for Consideration," in which he asserts that his lack of legal knowledge precludes him from preparing an adequate second amended complaint. He also states that the prison's contract attorneys have shown an unwillingness to help him prepare this initial pleading--a proper complaint.

### Repeated Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a

claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

   Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of any past complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory

position.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).  Fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

And, finally, Plaintiff's claims appear to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

(4) Plaintiff's motion for consideration is DENIED.  (*See* Docket Entry # 23.)  Plaintiff has not shown that he has even tried to follow the Court's carefully articulated instructions specific to his case--e.g., fill in the blanks on the proper court-provided form.

(5) Plaintiff's second motion for appointed counsel is DENIED, (*see* Docket Entry # 20), for the same reasons his original motion for appointed counsel was denied, (*see* Docket Entry # 3).

(6) Plaintiff's motion for service of process is DENIED as moot.  (*See* Docket Entry # 17.)  No adequate complaint is on file at this time to be served.

DATED this 28th day of February, 2012.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court